In the matter of the estate of WILLIAM A. GAHAGAN, deceased.

[Submitted December 24th, 1913.   Decided December 30th, 1913.]

1. Evidence, in a will contest, *held* sufficient to establish testamentary capacity at the time testator signed a codicil.

2. Where a codicil bears the signature of the testator, a complete attestation clause, and the signatures thereto of two subscribing witnesses, there is a presumption of due execution.

3. Publication by a testator acknowledging and signifying his adoption and approval of the declaration of one present, in the presence and hearing of the subscribing witnesses, to the effect that the instrument about to be executed was a codicil to his will, was sufficient, if the sense of the declaration was conveyed to the intelligence of the witnesses.

4. Evidence *held* to show due publication of a codicil to a will at the time of attestation.

---

On appeal from the orphans court of Union county.

*Messrs. Herrmann & Steelman,* for the appellant.

*Mr. James S. Erwin, Mr. William A. Coddington* and *Mr. Robert Carey,* for the respondents.

BACKES, VICE-ORDINARY.

This is an appeal from so much of the decree of the orphans court of Union county as grants probate of a codicil to the last will and testament of William A. Gahagan, deceased.

Was the testator competent and was the codicil duly published, are the questions for decision. The first point was not pressed at the argument. It is urged in the brief of the appellant's counsel.

1. The will, concerning which there is no dispute, bears date June 17th, 1912. The codicil was executed February 1st, 1913. The testator died on the tenth of that month from some heart affection. On the day the codicil was signed, the deceased rallied from a night of unconsciousness and his mental powers recovered their tone. Although in a critical condition, his mind was clear and he was sensible and comprehending. The codicil had been prepared at his direction, after a conference with members of his family, mainly to circumvent an importuning creditor of the daughter, whose share under the will was thereby changed from an absolute estate to one in trust for life, with the remainder to her children. The document had been read to him on a previous occasion and at the time of its execution he knew its contents and understood its object. The evidence abundantly establishes testamentary capacity.

2. The codicil bears the signature of the testator, a complete attestation clause, and signatures thereto of two subscribing witnesses. The presumption of due execution is thus created. *Mundy* v. *Mundy, 15 N. J. Eq. (2 McCart.) 290; Veazey's Case, 80 N. J. Eq. (10 Buch.) 466.* This presumption is fortified by the evidence of Dr. Probasco, who was instrumental in having the codicil executed, and who was present at its execution. His testimony shows that all of the statutory requirements, as certified by the attestation clause, attended the execution of the codicil. Publication was made by the testator acknowledging and signifying his adoption and approval of the declaration of the physician, in the presence and hearing of the subscribing witnesses, to the effect that the instrument which was about to be executed was a codicil to his testament. This is a sufficient publication, if the sense of the declaration is con-

veyed to the intelligence of the witnesses. *Mundy* v. *Mundy, supra; Elkinton* v. *Brick, 44 N. J. Eq. (17 Stew.) 154; Robbins* v. *Robbins, 50 N. J. Eq. (5 Dick.) 742; Darnell* v. *Buzby, 50 N. J. Eq. (5 Dick.) 725; affirmed, 52 N. J. Eq. (7 Dick.) 337; Hildreth* v. *Marshall, 51 N. J. Eq. (6 Dick.) 241; Vernon* v. *Vernon, 69 N. J. Eq. (3 Robb.) 759.* It is said that the witnesses did not understand that the document which they attested was of a testamental nature, and it is claimed that their testimony in this respect overcomes the presumption of publication which arises from the attestation clause, and also preponderates as against the weight to be given to the positive evidence of Dr. Probasco. The substance, extent and effect of their testimony, as I read and consider it, is, that they did not remember the act of publication, and did not remember whether they knew, at the time of the transaction, from the act of publication, that the instrument which they subscribed as witnesses was a codicil to the testator's will. This evidence is not inconsistent with, nor does it militate against, the legal presumption. *Allaire* v. *Allaire, 37 N. J. Law (8 Vr.) 312; affirmed, 39 N. J. Law (10 Vr.) 113; Robbins* v. *Robbins, supra.* The evidence of the two subscribing witnesses impresses me that they, at the time the codicil was signed, and from what was then said regarding it, realized that the paper was a testament. One of them, Miss Lyness, the nurse, said that Dr. Probasco asked her to sign the paper as a codicil or a paper, and that she supposed it was something in regard to the testator's will. The other, Mrs. Wilmerding, testified that she did not know the contents, but knew that the paper pertained to a will. These statements are significant.

The decree of the orphans court is affirmed, with costs.